1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| "Aurora", | NO. |
| Plaintiff, | |
| v. | COMPLAINT |
| Patrick Allen Sheely, | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff "Aurora" proceeding by pseudonym and her attorneys Carol L. Hepburn and J. William Savage of Carol L. Hepburn, P.S., allege as follows:

**I.      PARTIES**

1.1     <u>Plaintiff</u>.  Plaintiff is a female of majority age.  Plaintiff is a person known to the Defendant as "Aurora."

COMPLAINT  - 1

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1.2     Pseudonym.  "Aurora" is a pseudonym for the victim depicted in the "LJ"

series of child pornography images. Plaintiff is filing contemporaneously with this

Complaint a Motion to Proceed with Pseudonym.

1.3     Defendant.  Defendant is, on information and belief, and at all times

material hereto was, a resident of the Western District of Washington.

## II.     JURISDICTION AND VENUE

2.1     This action is brought pursuant to 18 USC §§ 2252A(f) and 2255(a), and

this court has jurisdiction of this case pursuant to 28 USC § 1331 and §1367, and 18

USC §2255.  Venue is proper in this district under 28 USC § 1391(b).  The acts that

are the subject of this case occurred in substantial part within this judicial district and

Defendant is, on information and belief, a resident of this district.

2.2     On April 26, 2016, Aurora first discovered the Defendant's criminal

conduct—and her right of action first accrued—when she received information from

law enforcement.  Aurora was not under a legal disability on April 26, 2016.

## III.     FACTUAL BACKGROUND

3.1     Plaintiff Aurora was just four to five years old when she was first sexually

abused in order to produce child pornography.  After preschool or late at night, her

adult male perpetrator would dress her up for "photo shoots" which were sexualized

and depicted sexual acts including, but not limited to, digital penetration by him and

oral sexual contact with her sister. Aurora was also forced to pose in various ways and

perform sexually with her perpetrator and his adult male associates. Photos and

videos of Aurora's sexual abuse were produced and initially shared among a select

COMPLAINT  - 2

group of pedophiles and child molesters. These images and videos were ultimately distributed and traded on the Internet.

3.2     Aurora's child sex abuse images and videos are distributed via the Internet. They are known as the "LJ" child pornography series.

3.4     Aurora's child sex abuse images and videos constitute child pornography within the definition of 18 U.S.C § 2256(8).

3.5     The ongoing victimization Aurora suffers from the continued collection and distribution of her images will last throughout her entire life.

3.6     The continued distribution and possession of Aurora's child sex abuse images has caused her extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial for this matter.

## IV.     DEFENDANT'S POSSESSION OF AURORA'S CHILD SEX ABUSE IMAGE(S)

4.1     On or about September 13, 2013, detectives for the Washington State Patrol Missing and Exploited Children Task Force executed a search warrant on the defendant's cell phone. This cell phone contained over one hundred sexually explicit videos of minor children. On or about September 14, 2013, detectives for the Washington State Patrol Missing and Exploited Children Task Force executed a search warrant on the defendant's residence located in Snohomish County,

COMPLAINT  - 3

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1
2
3
4
5
6
7
8
9
10
11

Washington, and recovered from his residence multiple pieces of electronic media containing documents, images, and videos. Hundreds of images and videos were located depicting sexually explicit images of minor children. Among the child pornography possessed by defendant, there was at least one image and/or video of plaintiff from the so-called "LJ series." At least one such video depicted the plaintiff, as a child under 12 years of age prior to puberty, being sexually victimized, and had been circulated in interstate commerce via the internet. Identification of the plaintiff's image(s) were among those possessed by defendant and were confirmed by Child Victim Identification Program analysts at the National Center for Missing and Exploited Children in their CVIP report.

12
13
14
15

4.2      On June 13, 2014, the defendant was charged and pleaded guilty to three violations of RCW 9.68A.070, Possession of Depictions of a Minor Engaged in Sexually Explicit conduct in the First Degree, a class B felony.

16
17

4.3      Based on this plea and conclusion, the defendant was sentenced to 46 months of prison followed by 36 months of community custody.

18

## V.   THE PLAINTIFF'S RIGHT TO PROCEED UNDER A PSEUDONYM

19
20
21

5.1      Aurora is proceeding by pseudonym in accordance with the applicable law in this Circuit. Concomitant with this complaint, she has moved the court for permission to proceed in this case using a pseudonym.

22
23
24

5.2      *Does I through XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000), provides that " a party may preserve his or her anonymity in judicial

25

COMPLAINT  - 4

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

5.3    This case involves a sensitive and highly personal matter, the Defendant's possession of Aurora's child sex abuse image(s). Compelling Aurora to reveal her identity would force her to disclose information of the utmost intimacy. Additionally, Aurora has a very real and reasonable fear of severe harm if her identity is disclosed in this civil case because it would allow those who trade and view child pornography to attempt to contact her, thus re-victimizing her.  If victims of child pornography were forced to publically disclose their identities, they would be far less likely to pursue their legal remedies. Further, Aurora's need for anonymity outweighs any prejudice to Defendant or the public's interest in knowing her identity.

## VI.    FIRST CLAIM FOR RELIEF—CIVIL REMEDY FOR PERSONAL INJURIES PURSUANT TO 18 USC §§ 2252 and 2255

6.1    Plaintiff re-alleges the allegations in paragraphs 1.1 through 5.3 as if fully set forth herein.

6.2    Defendant's actions as alleged herein and as formed the basis of his conviction of violations of RCW 9.68A.070 constitute violations of 18 USC §§ 2252 and 2252A.

6.3    The actions of Defendant caused Plaintiff to suffer sickness, emotional distress and mental anguish, which conditions are continuing in nature and likely to be permanent in nature.

COMPLAINT  - 5

6.4     Pursuant to 18 USC § 2255(a), plaintiff is entitled to actual damages against Defendant for his possession of her image(s), as well as costs of suit and attorneys' fees.  The damages of Plaintiff are deemed to be no less than $150,000.00.

6.5     Plaintiff has filed this action in a timely manner after the events giving rise to this cause of action.

## VII. SECOND CLAIM FOR RELIEF—18 U.S.C. §2252A(f)

7.1     Plaintiff re-alleges each and every allegation in paragraphs 1.1 through 6.5.

7.2     Defendant's conduct as described above is prohibited by 18 U.S.C. 2252A(a).

7.3     As alleged above, Plaintiff Aurora herein is a person who is aggrieved by Defendant's conduct which constitutes a violation of 18 U.S.C. 2252A(a). Defendant's actions have caused her substantial and ongoing physical and emotional and psychic pain and suffering, injury to reputation, and violation of her privacy.

7.4     Pursuant to 18 U.S.C. §2252A(f) Plaintiff has a civil action for temporary, preliminary, or permanent injunctive relief, compensatory and punitive damages, and the costs of this action together with reasonable fees for attorneys and expert witnesses.

## VIII.     THIRD CLAIM FOR RELIEF---INTRUSION INTO PRIVATE AFFAIRS

8.1     Plaintiff re-alleges each and every allegation in paragraphs 1.1 through 7.4.

8.2     Plaintiff had a right to maintain the privacy of images of herself, which depicted private, embarrassing, or humiliating events or situations.

COMPLAINT  - 6

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

8.3    The image or images of the Plaintiff which were possessed by the Defendant, were obviously, on their face, images of extremely private, intimate, embarrassing and humiliating events and situations which depicted Plaintiff being raped, and otherwise sexually assaulted. Any reasonable person would know that these images were private and would find the disclosure of the images highly offensive.

8.4    Defendant has intruded upon the private affairs of the Plaintiff.

8.5    Plaintiff has suffered and continues to suffer emotional distress including but not limited to humiliation and embarrassment, fear, anguish, nightmares, despair and depression, and the physical manifestations thereof, as a proximate result of the Defendant's intrusion into her private and intimate affairs.

8.6    As a result of the Defendant's actions as alleged herein, Plaintiff has suffered past and continuing emotional distress and physical symptoms thereof.

8.7    As a result of the Defendant's actions as alleged herein, Plaintiff has incurred and will in the future incur medical expenses and expenses for psychological treatment.

8.8    As a proximate result of the Defendant's actions as alleged herein, Plaintiff has suffered and will continue to suffer a loss of income and benefits, a loss of income capacity, a loss of enjoyment of life, and other damages as will be proven at trial.

### IX. FOURTH CLAIM FOR RELIEF---INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

9.1    Plaintiff re-alleges each and every allegation in paragraphs 1.1 through 8.8.

COMPLAINT  - 7

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

9.2     Defendant's actions in viewing the image(s) of Plaintiff's rape and sexual victimization as a child are extreme and outrageous.

9.3     Defendant's conduct was undertaken with reckless disregard for the foreseeable likelihood of injury to the Plaintiff.

9.4     Plaintiff has suffered severe and continuing emotional distress and physical illness as a proximate result of Defendant's conduct.

9.5     As a proximate result of the Defendant's actions as alleged herein, Plaintiff has incurred and will in the future incur medical expenses and expenses for psychological treatment.

9.6     As a proximate result of the Defendant's actions as alleged herein, Plaintiff has suffered and will continue to suffer a loss of income and benefits, a loss of income capacity, a loss of enjoyment of life, and other damages as will be proven at trial.

## X.     PRAYER

Plaintiff therefore prays for judgment against Defendant, and in favor of plaintiff, as follows:

a.     Statutory damages of no less than $150,000 pursuant to 18 U.S.C. § 2255(a);

b.     Actual damages pursuant to 18 U.S.C. § 2255(a) and the common law;

c.     Compensatory damages pursuant to 18 U.S.C. § 2252A(f)(2)(B) and the common law;

d.     Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2252A(f)(2)(B);

COMPLAINT - 8

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1

e.       Costs of the action pursuant to 18 U.S.C. §§ 2255(a) and 2252A(f)(2)(C);

2

f.       Reasonable attorneys' fees pursuant to 18 U.S.C. §§ 2255(a) and

3

2252A(f)(2)(C);

4

g.       Reasonable fees for expert witnesses pursuant to 18 U.S.C.

5

§ 2252A(f)(2)(C);

6

h.       Prejudgment and post-judgment interest;

7

8

i.       Any relief within the Court's jurisdiction appropriate to the proof, whether

9

or not demanded; and

10

j.       Such other and further relief as the Court deems just and proper.

11

DATED this 26th day of August, 2016.

12

13

CAROL L. HEPBURN, P.S.

14

By__/s Carol L. Hepburn_____
By _/s J. William Savage_____

15

Carol L. Hepburn, WSBA No. 8732
J. William Savage, WSBA No. 32148

16

200 First Avenue West, #550

17

Seattle, WA  98119
(206) 957-7272

18

(206) 957-7273 fax
Emails:  carol@hepburnlaw.net

19

        jwsavage@earthlink.net
Of attorneys for Plaintiff

20

21

22

23

24

25

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273