**EXHIBIT 7**



STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS

# PRESENTENCE INVESTIGATION

| | | | |
|---|---|---|---|
| **TO:** | The Honorable David Kurtz<br>Snohomish County Superior Court | **DATE OF SENTENCE:** | 8/19/2014 |
| **NAME:**<br>**ALIAS(ES):** | SHEELY, Patrick Allen<br>None known | **DATE OF REPORT:**<br>**DOC NUMBER:**<br>**DOB:** | 8/11/2014<br>375115<br>1/20/1954 |
| **CRIME(S):** | Possession of Depictions of a Minor Engaged in Sexually Explicit Conduct (Counts I, II, & III) | **COUNTY:**<br>**CAUSE NUMBER:** | Snohomish<br>13-1-02132-8 |
| **ADDRESS:** | 23015 60th Dr. NW<br>Stanwood, WA 98292 | **DATE OF OFFENSE:** | On or about:<br>6/1/2013 to 9/12/2013 |
| **PHONE #:** | 360-631-7667 | | |

I. **OFFICIAL VERSION OF THE OFFENSE(S)**
The Prosecuting Attorney's Affidavit of Probable Cause describes the offense(s).

On September 12, 2013, a motorist traveling on Highway 99 in South Seattle, Washington, observed an abandoned mobile telephone lying on

SHEELY, Patrick Allen                                                                                             8/11/2014

DOC #375115                                                                                                        Page 1 of 11

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

the shoulder of the roadway. A heavy volume of traffic prevented the motorist from retrieving the mobile telephone at that time however, when he returned to the location the next day he located and retrieved the telephone. After taking the telephone, the motorist found a text message from someone purporting to be the son of the owner of the telephone. Arrangements were made to have the telephone returned to its owner. Before returning the telephone, the motorist accessed the telephone's picture gallery and found images of what he believed to be children engaging in sex acts with adults. The motorist called the Washington State patrol (herein after WSP), who collected the telephone. A search warrant was obtained for the contents of the telephone and its subsequent search found child pornography in its contents. An investigation of the owner of the mobile telephone by WSP ensued.

Defendant, Patrick Sheely, was identified by detectives with the WSP's Missing and Exploited Children Task Force when he met with investigators in person, at which time Defendant admitted that the telephone found by the motorist was his. Defendant was subsequently arrested and admitted to viewing the sexually explicit images of children that were on his mobile telephone. Defendant also stated that he viewed sexually explicit images of children on his home computer. When asked by detectives what age and sex of children he was attracted to he explained that he was not sexually attracted to young boys, but rather pre-pubescent girls. Detectives observed that the pornographic images on the Defendant's telephone were of pre-pubescent girls.

As a consequence of Defendant's confession to viewing images of children engaged in sexually explicit conduct on his home computers and the presence of such images on his telephone, investigators obtained a judicially authorized search warrant for his Stanwood, Washington residence. In total, investigators found more than 500 sexually explicit images of children during the course of their investigation of Defendant. Detectives continue to forensically examine Defendant's computers to determine if more serious charges are merited of Dealing in Depictions of Minors Engaged in Sexually Explicit Conduct.

## COUNT ONE
### Possession of Depictions of Minors Engaged in Sexually Explicit Conduct First Degree.

Pursuant to a judicially authorized search warrant at Defendant's Stanwood, Washington, residence investigators found on one of Defendant's personal computers a video image entitled "sammy and dad with purple vibrator.mpg." The image shows a pre-pubescent female

SHEELY, Patrick Allen                                                8/11/2014

DOC #375115                                                          Page 2 of 11

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

wearing a white top lying on her back with her legs spread toward the camera. What appears to be an adult male hand is holding a phallic-shaped sex toy and rubbing its side between the female child's vaginal lips.

## COUNT TWO
### Possession of Depictions of Minors Engaged in Sexually Explicit Conduct First Degree.

Pursuant to a judicially authorized search warrant at Defendant's Stanwood, Washington, residence investigators found on one of Defendant's personal computers a video image entitled, "11 yo Miranda sucks a big cock and gets a mouthful of spunk.mpg." The video image shows a close up of the face of a brunette-color haired pre-pubescent female. The child's hair is shoulder length and she appears to be wearing a white tank top shirt. Also visible in the video is an adult male penis. After a short period of time the adult male inserts his erect penis inside the child's mouth, at which time, the child is forced to give the adult male oral sex.

## COUNT THREE
### Possession of Depictions of Minors Engaged in Sexually Explicit Conduct First Degree.

Pursuant to a judicially authorized search warrant at Defendant's Stanwood, Washington, residence investigators found on one of Defendant's personal computers a video image entitled, "Heidi-I'm 7 yo & Daddy fucks my ass Surely he'll go to hell.mpg." The video begins by showing a female child, approximately three years old, lying on her stomach on top of a white blanket. The child is wearing a blue top that is pulled up to her armpits. An adult make enters the image, but only part of his hand and his erect penis are visible. The adult male appears to have placed lubrication on his penis outside of the camera's view. When he returns to the video frame he can be seen initially rubbing his erect penis between the child's buttocks. Later in the image, the adult male puts his penis inside the child's anus. The video finishes with the adult male ejaculating on top of the child's back.

II.  **VICTIM CONCERNS**
Due to the nature of these offenses, victims were not available for feedback.

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

III. **DEFENDANT'S STATEMENT REGARDING THE OFFENSE(S)**
On the DOC Intake/Pre-Sentence Investigation Personal Information Sheet signed 6/20/2014, Mr. Sheely was asked to, "Please give a description of the offense-Be complete (How it happened and why it happened). Mr. Sheely wrote one sentence, "Downloaded cp from internet to watch."

When told that the sentence above was an inadequate description of his crime, Mr. Sheely said he didn't know what to write. It was suggested that Mr. Sheely answer the question like he was writing a story from beginning to end. Mr. Sheely wrote:

> Downloaded cp from internet to watch Child Pornography. Started about 15 years ago. Found it while surfing the net and continued finding and searching for and downloading it. Lost my phone somewhere at work or in transit and it was turned into the police. The following day/night I was arrested and requested, after a short discussion with officers, to speak with a lawyer, at which point I was booked into Snohomish County Jail.

IV. **CRIMINAL HISTORY:**
   **SOURCES**
   1. National Crime Information Center (NCIC)
   2. Washington Crime Information Center (WACIC)
   3. District and Municipal Court Information Systems (DISCIS)
   4. Superior Court Operating Management Information System (SCOMIS)
   5. Offender Based Tracking System (OBTS)
   6. Offender Management Network Information (OMNI)

According to the sources listed above, Mr. Sheely does not have a prior criminal history.

V. **SCORING**

| SERIOUSNESS LEVEL | OFFENDER SCORE | STANDARD RANGE |
|---|---|---|
| Counts I, II, & III    Level VI | 6 | 46 to 61 Months |

VI. **COMMUNITY CUSTODY**
Mr. Sheely is required to serve a 36 month term of community custody upon his release from confinement.

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

## VII. RISK/NEEDS ASSESSMENT:

I interviewed Mr. Sheely in my office on 8/6/2014. The following information has implications for potential risk, supervision and interventions. Unless otherwise noted, it was provided by Mr. Sheely and has not been verified.

### Criminal History:
Mr. Sheely has no prior criminal history. Mr. Sheely reported that as a juvenile he was arrested for Burglary, Arson, Drug Possession and Car Theft. He said that he and his friends broke into summer cabins during the winter, when no one was there. They took items from the cabins. They dropped a lantern causing a fire and they were pulled over in a stolen vehicle that contained marijuana. He said that the charges were dropped.

### Education/Employment:
Mr. Sheely quit school after his freshman year at Ballard High School in 1970. He said he "got into a bad crowd," so his father sent him to live with his aunt in Moses Lake. He stated that he has an IQ of 160 and was in advance placement (AP) classes in high school in Moses Lake, WA. After being suspended for being truant, drinking, and smoking pot in school, he was sent back to his father's house in Ballard, WA. At Ballard High School he was placed in remedial classes. Mr. Sheely said his classes were a joke, so he quit school. In 1982 he received his GED from the Seattle Opportunities Industrialization Center (SOIC). In 1983, he received an associate degree from SOIC.

Mr. Sheely reported that he worked for Vigor Shipyard as a rigger from 1999 to 2013. He said he quit because of his arrest on this cause.

### Financial:
Mr. Sheely has one asset, his house and property, in Stanwood. He hopes that his son Nolan will maintain the property until his release date. He reported that he has liabilities to include credit cards and car payments.

**Family/Marital**: Mr. Sheely was born to Patrick and Patricia Sheely on 1/20/1954 in Okanogan, WA. His parents divorced when he was six years old. He grew up in his father's residence. Both of his parents are deceased. He has three siblings: Judith who lives in Idaho; Robert who lives in Arizona; and Deanna who lives in Lynnwood, WA.

Mr. Sheely married Gail Stewart in 1976. He described his marriage, in its latter years, as two people growing apart. He said they were on different work schedules and hardly saw one another. They divorced in 1997. He has three sons: Patrick Austin age 34; Nolan age 30; and Galen age 24.

Mr. Sheely is currently in a long-term relationship with a woman named Yvonne. He stated that she is the reason he will never look at child pornography again, but admits that he was in a relationship with her while he was viewing child pornography and that it

SHEELY, Patrick Allen                                                                8/11/2014

DOC #375115                                                                          Page 5 of 11

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

didn't seem to effect his viewing children engaged in sexually explicit conduct with adults.

### Accommodation:
Mr. Sheely hopes to return to his home in Stanwood WA upon his release.

### Leisure/Recreation/Companions:
Mr. Sheely reported that he is not a member of any organization or group and does not engage in leisure or recreational activities.

### Alcohol/Drug Use:
Mr. Sheely said he consumed heroin from the age of 15 to 20. He reported that his use was related to his peer group in his schools. In his 20s, Mr. Sheely consumed LSD, methamphetamine and amphetamine. When asked why he quit drugs, Mr. Sheely said it was because of the danger it might pose to him and others at work. Mr. Sheely said he started consuming alcohol at the age of 21. He consumed alcohol to "relax." He stated that he currently "seldom" drinks alcohol. Mr. Sheely does not think he is addicted to drugs or alcohol and has never sought treatment for drug or alcohol abuse.

### Emotional/Personal:
Mr. Sheely denied any past or present mental health concerns. He denied being a recipient of any type of mental health treatment, a medication regimen or being hospitalized for mental health reasons. Additionally, he did not report any current medical conditions or concerns.

### Sex Offender Considerations:
Mr. Sheely engaged in a sexual deviancy evaluation with Ms. Stephanie Overton from 1/23/2014 to 2/13/2014. In April 2014 he started weekly sexual deviancy treatment with Ms. Overton. He stopped attending sexual deviancy treatment in May 2014. When asked why he stopped going to treatment, Mr. Sheely reported that he could no longer afford it.

In Ms. Overton's evaluation dated 4/4/2014, she noted:

> ...Patrick states that he began viewing pornography when he was about 12 or 13 years old and began collecting Playboy magazines. He began viewing child pornography at about age 45 and has consistently downloaded, viewed pornographic videos and images of minors engaged in sexual contact with adults, and other minors ever since. Patrick reports that he has downloaded and viewed somewhere around 10,000 videos and images of children from infant to 17 with his preferred interest being in girls between the ages of 10 to 12. Patrick denied masturbating to these images in the interview, however later admitted to masturbating to the images during the polygraph examination. Patrick states that he collected

SHEELY, Patrick Allen            8/11/2014

DOC #375115            Page 6 of 11

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

and downloaded almost everything he viewed. He states "it interested me," it also acted as a substitute for getting involved in relationships. Patrick states that he began looking at pornography on the internet and came across child pornography, it interested him so he began to search for it. Patrick states that he began finding younger and younger children on the pornography websites. He began to download the images and took part in some Peer-to Peer (P2P) trading of images...

...Patrick states that he did not believe that what he was doing was wrong or hurt anyone. He states he believed it was not real and therefore he could justify continuing to view it. Patrick states that he was not interested in the sexual acts just looking at the naked bodies. When confronted with the amount of pornography he was viewing that included sexual acts between children and adults he stated it was because he could not tell what he was downloading and that the videos and pictures did not always state what was contained within...

Ms. Overton gave Mr. Sheely some sex offender actuarial risk prediction instruments to determine Mr. Sheely's risk to the community. These were the results:

| | |
|---|---|
| Static 99 | Low-Moderate |
| Sex Offender Risk Appraisal Guide (SORAG) | Low |
| Psychopathy Checklist Revised (PCL-R) | Low |

As part of the evaluation, Mr. Sheely was given a polygraph examination on 3/28/2014 by Ms. Sally VanBeek, regarding his sexual history. No deception was noted on any question. Mr. Sheely was asked:

1. Since you turned 18, did you ever engage in sexual contact with anyone under age 16? Answer: No.
2. Besides those two people, did you engage in sexual contact with anyone else who was related to you? Answer: No.
3. Did you ever physically restrain or threaten to harm anyone for sexual contact? Answer: No.
4. Did you ever engage in sexual contact with anyone who was incapacitated or unconscious? Answer: No.

Ms. Overton concluded:

...Patrick is considered a low/moderate risk to the community at this time. It is believed that Patrick's risk of committing a hands on sex crime with a minor is low...

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

Patrick denies sexual misconduct; his alleged sexual misconduct in this case is downloading child pornography. Patrick has not embraced the idea that his behavior was criminal; he has not come to terms with the fact that viewing child pornography does in fact cause harm and is only beginning to understand this as a possibility...It is this evaluator's opinion that Patrick has adopted maladaptive ways to cope with his stress, anxiety, and global feelings of low self-worth. Viewing and using as trade/currency child pornography appears to be the ways in which Patrick has learned to sooth himself when he becomes emotionally overwhelmed...

It is clear that Patrick has a deviant sexual preference and this preference is pornography that exploits prepubescent children, specifically females. It is this evaluator's opinion that Patrick is amenable to treatment however, progress would be slow and may consist initially of skill building to cope with frustration and internal conflict. Based on all the information reported and obtained, it is the opinion of this evaluator that Patrick is currently at a Moderate risk to continue to consume more child pornography. It is unlikely that Patrick will be able to rely on his own sure will and avoidance to refrain from consuming more illegal digital media. It is the opinion of this provider that Patrick's current level of risk for future acts of sexual misconduct against another person is low.

Ms. Overton recommended that the following conditions be placed on Mr. Sheely in the community:

4. Patrick should not involve himself with sexually explicit material in the form of movies, videos, magazines, books, telephone sex lines or computer/internet pornography/sex.
5. Patrick should not engage in any casual sexual relations with anyone. Any sexual contact, particularly genital sexual contact, is prohibited unless reported and approved by his therapist and treatment group.

Mr. Sheely told the detectives that his crime was victimless, he told his sexual deviancy evaluator that his crime was victimless and he told me that the crime was victimless.

I asked Mr. Sheely how young the children were in the child pornography videos he downloaded. He said, "3, 4, or 5." I asked him what were the most intrusive sexual acts perpetrated on the children. He said, "Vaginal, oral and anal intercourse. When asked what the children looked like when they were being forced to engage in those sexual practices, he said, "They didn't look like they were enjoying it." When asked what he thought the children might be feeling, he responded, "unhappy, sad." In the opinion of this writer, Mr. Sheely expressed a tremendous lack of empathy for children who were being sexually brutalized by adults. He never demonstrated concern for the welfare of the children in any of the videos.

SHEELY, Patrick Allen  8/11/2014

DOC #375115  Page 8 of 11

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

VIII. **SENTENCE OPTIONS:**
Confinement within the Standard Range
Exceptional Sentence

IX. **CONCLUSIONS:**
Under the option of a standard range sentence, the Court may order Mr. Sheely to serve a term of 46 to 61 months of confinement. Mr. Sheely would then have to complete 36 months of community custody under the jurisdiction of the Department of Correction.

The Court may impose a sentence outside the standard sentence range if it finds that there are substantial and compelling reasons justifying an exceptional sentence (RCW 9.94A.535).

This is Mr. Sheely's first offense. According to a certified sexual deviancy treatment provider, Mr. Sheely is low risk to commit a "hands on sexual offense," but a moderate risk to resume viewing child pornography. Mr. Sheely does not believe that he has harmed anyone by watching videos of child rape. He does not want to admit that the demand for child pornography, created by people like him, cause children to be physically and psychologically harmed in many ways. He does not want to admit that children were severely harmed during the creation of the videos and images he downloaded and stored.

After discussing Mr. Sheely's request to the Court for an exceptional sentence below the standard range, I asked him why he should get one. Mr. Sheely said, "I don't deserve anything exceptional. No one gains from that." I agree with Mr. Sheely.

Mr. Sheely has viewed images and videos of children as young as toddlers being raped vaginally, orally and anally for 15 years. Many children were injured to provide Mr. Sheely with his pornography. An exceptional sentence below the standard range would play into Mr. Sheely's thinking, that children are not harmed when forced to participate in child pornography. To Mr. Sheely, it would lessen the seriousness of his crimes. In the long term, there would be no benefit to Mr. Sheely or the State.

X. **RECOMMENDATIONS:**

<u>Sentence Type/Option</u>: Standard Range
<u>Confinement</u>: 46 months
<u>Length of Community Custody</u>: 36 months

<u>Conditions of Supervision</u>
In addition to the standard conditions, I recommend the following special conditions:

SHEELY, Patrick Allen                                                                 8/11/2014

DOC #375115                                                                      Page 9 of 11

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

1. Pay all legal financial obligations.

2. Obey all municipal, county, state, tribal and federal laws.

3. Do not initiate or prolong contact with minor children without the presence of an adult who is knowledgeable of the offense and has been approved by the supervising Community Corrections Officer.

4. Do not seek employment or volunteer positions, which place you in contact with or control over minor children.

5. Do not frequent areas where minor children are known to congregate, as defined by the supervising Community Corrections Officer.

6. Do not possess or access depictions of minors engaged in sexually explicit conduct, as defined by RCW 9.68.011.

7. Do not enter sex-related businesses, including: X-rated movies, adult bookstores, strip clubs, and any location where the primary source of business is related to sexually explicit material."

8. Do not possess, use, access, or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your sexual deviancy provider.

9. Do not date women or form relationships with families who have minor children, as directed by the supervising Community Corrections Officer.

10. Do not remain overnight in a residence where minor children live or are spending the night.

11. Find and maintain fulltime employment and/or a fulltime educational program during the period of supervision, as directed by the supervising Community Corrections Officer.

12. Do not access the Internet on any electronic device in any location, unless such access is approved in advance by the supervising Community Corrections Officer and your treatment provider. Any electronic device to which you have access is subject to search.

13. Do not use chat rooms, dating sites or social networking web sites on any electronic device.

14. You may not possess or maintain access to a computer, unless specifically authorized by your supervising Community Corrections Officer. You may not possess any computer parts or peripherals, including but not limited to hard drives, storage

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.

devices, digital cameras, web cams, wireless video devices or receivers, CD/DVD burners, or any device to store or reproduce digital media or images.

15. Participate and make progress in sexual deviancy treatment. Follow all conditions outlined in your treatment contract. Do not change therapists without advance permission of the supervising Community Corrections Officer / Indeterminate Sentence Review Board / Court.

16. Participate in offense related counseling programs, to include Department of Corrections sponsored offender groups, as directed by the supervising Community Corrections Officer.

17. Participate in polygraph examinations as directed by the supervising Community Corrections Officer, to monitor compliance with conditions of community custody.

18. Your residence, living arrangements and employment must be approved by the supervising Community Corrections Officer.

19. You must consent to DOC home visits to monitor your compliance with supervision. Home visits include access for the purposes of visual inspection of all areas of the residence in which you live or have exclusive/joint control/access.

20. Register as a sex offender with the county of your residence for the period provided by law.

XI.  **MONETARY OBLIGATIONS:**

| | | |
|---|---|---|
| **Restitution:** TBD | **Court Costs:** TBD | **Other:** TBD |
| **Victim Penalty:** $500.00 | **Attorney Fees:** TBD | |
| **Drug Fund:** TBD | **Fine:** TBD | |

**Submitted by:**

*[signature]*

Manuel N Santos
Community Corrections Officer 2
Everett Community Justice Center
8625 Evergreen Way, Suite 108
Everett, Washington 98208
(425) 267-3086

**Approved by:**

*[signature]* Karen Bammer, for

Debra Garner
Community Corrections Supervisor

Original:   Court
copy:       Prosecuting Attorney – Kathy Jo Blake
copy:       Defense Attorney – Kirk Davis
copy:       File

SHEELY, Patrick Allen                                                                       8/11/2014

DOC #375115                                                                                 Page 11 of 11

This sex offender information is authorized for release to law enforcement only pursuant to RCW 4.24.550. Further dissemination is prohibited.