UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

"AURORA",

            Plaintiff,

  v.

PATRICK ALLEN SHEELY,

            Defendant.

Case No. 16-cv-1358-RSM

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.  INTRODUCTION

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment. Dkt. #18. Plaintiff seeks an order establishing Defendant's liability and judgment for the amount of her compensatory damages and attorney's fees and costs. *Id.* The Court has reviewed Plaintiff's motion, along with the Declarations and Affidavit of Carol L. Hepburn, Plaintiff, and Dr. Randall Green in support thereof and Exhibits thereto. Dkts. #18, #20, #21 and #22. Defendant has failed to respond to the motion. For the reasons discussed below, the Court now GRANTS Plaintiff's motion.

## II.  BACKGROUND

The following background is drawn from the documents presented by Plaintiff, as Defendant has failed to respond to this motion or otherwise develop a record in this matter.

ORDER - 1

"Aurora"[1] was just four to five years old when she was first sexually abused by her biological father in order to produce child sex abuse images for consumers and collectors of child pornography such as the defendant in this case, Patrick Allen Sheely. Dkts. #22, Ex. 2 at 2 and #20, Ex. 1). Aurora was forced to dress up for "photo shoots" which were sexualized and depicted sexual acts including, but not limited to, digital penetration by her abuser and oral sexual contact with her sister. Dkt. #22, Ex. 2 at 6-8. Aurora was also forced to pose in various ways and perform sexually with her perpetrator and his adult male associates. *Id*. Aurora alleges that her exploitation is ongoing through distribution of her child sex abuse images on the internet. *Id.* at 2-3.

As a result of the continued distribution and possession of her child sex abuse images by Defendant Sheely and others, Aurora suffers from extreme and permanent emotional distress with physical manifestations, interference with her normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial for this matter. *See* Dkt. #22, Ex. 2.

On or about September 13, 2013, detectives for the Washington State Patrol Missing and Exploited Children Task Force executed a search warrant on Defendant Sheely's cell phone. Dkt. #1 at ¶ 4.1. That cell phone contained over one hundred sexually explicit videos of minor children. On or about September 14, 2013, detectives for the Washington State Patrol Missing and Exploited Children Task Force executed a search warrant on Defendant Sheely's residence located in Snohomish County, Washington, and recovered from his residence multiple pieces of

---

[1] The Court has entered an Order allowing Plaintiff to proceed under the pseudonym "Aurora" in this matter. Dkt. #9.

ORDER - 2

electronic media containing documents, images, and videos. Dkt. #1 at ¶ 4.1. Hundreds of images and videos were located depicting sexually explicit images of minor children. Among images, there was at least one image and/or video of Plaintiff from the so-called "LJ series." *Id.* At least one such video depicted Plaintiff, as a child under 12 years of age prior to puberty, being sexually victimized, and had been circulated in interstate commerce via the internet. *Id.* That video had been previously identified by the National Center for Missing and Exploited Children (NCMEC). Dkt. #20, Ex. 3. Identification of the plaintiff's image(s) as among those possessed by defendant was confirmed by Child Victim Identification Program ("CVIP") analysts at the NCMEC in their CVIP report. *Id.*

Defendant Sheely pleaded guilty to three violations of RCW 9.68A.070, Possession of Depictions of a Minor Engaged in Sexually Explicit conduct in the First Degree, a class B felony. Dkt. #20, Ex. 1. Defendant was sentenced to 46 months of prison followed by 36 months of community custody. *Id.*, Ex. 2. As part of his plea agreement, Defendant Sheely admitted to downloading and viewing child pornography over a period of 15 years. Dkt. #20 at ¶ 5. Defendant stated that he had downloaded and viewed approximately 10,000 videos and images of children from infancy to age 17 years old. *Id.* He also admitted to taking part in Peer-to Peer (P2P) trading of the images. *Id.*

Plaintiff filed the instant matter on August 26, 2016, seeking civil damages against Defendant under 18 U.S.C § 2255 ("Masha's Law"), and 18 U.S.C. § 2252(A)(f). Dkt. #1. Since commencing the action, Aurora has moved for prejudgment attachment of Defendant's assets, which this Court granted. Dkt. #12. Aurora has also alleged pendant state law claims of Intrusion Into Private Affairs and Intentional and/or Negligent Infliction of Emotional Distress,

ORDER - 3

dkt. #1 at ¶ ¶ 8.1-9.6; however, she is not moving for summary judgment on those claims. Dkt. #18 at 5.

## III.   DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986).  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).  Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994).  However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### B. Masha's Law

18 U.S.C. § 2255, familiarly known as "Masha's law," provides a civil remedy for personal injuries caused by sexual exploitation of children, including violations of Section 2252.  The relevant part of the statute provides:

ORDER - 4

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a).[2]

Plaintiff asserts that Defendant's conviction of possessing child pornography in violation of RCW 9.68A.070 is the equivalent of a violation of 18 U.S.C. § § 2252 and 2252A. 18 USC §2252A proscribes the knowing possession of any material which contains an image of child pornography that has been mailed, or shipped, or transported using any means or facility of interstate commerce, including by computer.  18 USC § 2252A(a)(5)(B).  18 USC §2252 proscribes the knowing possession of any matter which contains any visual depiction that has been shipped or produced using any means or facility of interstate commerce, including by computer, if the production involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct. 18 USC § 2252(a)(4)(B).  RCW 9.68A.070 in pertinent part: "A person commits the crime of possession of depictions of a minor engaged in

---

[2] This civil right of action was first passed in 1986. Child Abuse Victims' Rights Act of 1986, Pub. L. No. 99-500, § 703(a), 100 Stat. 1783, 1783-74 to -75 (1986) to -75 (1986).  It was amended in 1998 to cover a wider array of predicate crimes. Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 605, 112 Stat. 2974, 2984 (1998).  It was amended again in 2006 (at which time it became known as Masha's Law) to increase minimum statutory damages from $50,000 to $150,000 and make clear that an adult could bring suit based on a predicate crime that took place while she was a minor. Masha's Law, Pub. L. No. 109-248, § 707, 120 Stat. 587, 650 (2006).  It was amended a final time in 2013 to again widen the array of predicate crimes and increase the statute of limitations from six years to ten years. Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113-4, § 1212(a), 127 Stat. 54, 143 (2013).

ORDER - 5

sexually explicit conduct . . . when he or she knowingly possesses a visual or printed matter depicting a minor engaged in sexually explicit conduct . . .".

Examining the predicate crimes set forth in 18 U.S.C. § § 2252 and 2252A, the Court agrees that Defendant Sheely's conviction of criminal conduct as defined by RCW 9.68A.070 is the equivalent of the conviction of conduct prohibited by 18 U.S.C. §§2252 and 2252A. The images found on Defendant's electronics "were mailed, or shipped, or transported" in interstate commerce. *See* Dkt. #20, Ex. 3. The conduct outlined in the three statutes is nearly identical. Further, the Court finds that Plaintiff has demonstrated that she has suffered personal injury, including ongoing psychological and emotional injuries. *See* Dkts. #18 at 8-10, #20, Ex. 4 and #22, Ex. 2. Accordingly, the Court finds that Defendant Sheely is liable under 18 U.S.C. § 2255.

18 USC §2252A(f) provides that in these types of cases, this Court may award injunctive relief, compensatory and punitive damages, and attorneys' fees and costs. As noted above, any person described under 18 U.S.C. §2255(a) "shall be deemed to have sustained damages of no less than $150,000 in value." In this case, the Court agrees that an award of compensatory damages, along with attorney's fees and costs, should be awarded in an amount to be determined at a hearing.

## IV.   CONCLUSION

Having reviewed Plaintiff's motion, the Declarations and Exhibits in support thereof, and the remainder of the record, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. #18) is GRANTED.
2. Defendant Sheely is liable to Plaintiff under 18 U.S.C. § 2255 for her personal injury(ies).

ORDER - 6

3. The amount of compensatory damages, along with attorney's fees and costs, will be determined at a hearing before the Court. Plaintiff's counsel shall make a good faith effort to meet and confer with *pro se* Defendant regarding a mutually-agreeable date and time for such hearing. Plaintiff's counsel shall then contact the Court's In-Court Deputies Laurie Cuaresma and Lowell Williams at 206-370-8521 with several proposed dates and times, which the Court will consider. At the hearing, Plaintiff's counsel shall be prepared to submit evidence of Plaintiff's alleged injury(ies), as well as evidence (either documentary or testimonial) supporting any request for attorney's fees and costs.

4. The Clerk shall send a copy of this Order to *pro se* Defendant via U.S. Mail to the address reflected on the Court's docket.

DATED this 15th day of February, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 7