UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

"AURORA",

                Plaintiff,

  v.

PATRICK ALLEN SHEELY,

                Defendant.

Case No. C16-1358RSM

ORDER GRANTING MOTION FOR AWARD OF STATUTORY DAMAGES

THIS MATTER comes before the Court on Plaintiff's Motion for Award of Statutory Damages. Dkt. #36. The Court has previously issued an Order on partial summary judgment in Plaintiff's favor, establishing that Defendant Sheely is liable to Plaintiff under 18 U.S.C. § 2255 for her personal injury(ies).[1] Dkt. #32. In addition, the Court had ordered that the amount of compensatory damages, along with attorney's fees and costs, would be determined at a hearing before the Court *Id.*

Plaintiff has now moved for an award of statutory damages without a hearing. Plaintiff explains that "such an award will expedite the process of entering an order of damages, incur less expense for the presentation of witnesses including experts, and spare Plaintiff the further emotional

---

[1] The Court has also previously set forth the background to, and reasoning for its decision, and incorporates those sections of its prior Order by reference herein. *See* Dkt. #32.

ORDER - 1

injury of confronting the person who has taken pleasure in viewing the images of her sexual abuse as a child." Dkt. #36 at 3.

The Court has reviewed Plaintiff's motion, along with the Declaration of Carol L. Hepburn in support thereof, and Exhibits thereto. Dkts. #36 and #37. Defendant has failed to respond to the motion. Under this Court's Local Civil Rule 7(b)(2), "[e]xcept for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court finds that Defendant's failure to respond to this motion is such an admission. While the Court could grant Plaintiff's motion as a result, the Court also finds that Plaintiff's motion succeeds on the merits.

18 U.S.C. § 2255, familiarly known as "Masha's law," provides a civil remedy for personal injuries caused by sexual exploitation of children. 18 U.S.C. § 2255(a).[2] The statute provides that "[a]ny person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value." *Id.* As Plaintiff has noted, this presumptive floor of damages was recently affirmed by the 6th Circuit in *Prewett, ex rel JW v. Weems,* 749 F.3d 454 (6th Cir. 2016). In addition, this Court, relying on a different 6th Circuit Court of Appeals case, determined that "the $150,000 minimum damages are deemed to be the 'actual damages' sustained, not punitive damages." *Amy v. Kennedy*, 2014 U.S. Dist. LEXIS

---

[2] This civil right of action was first passed in 1986. Child Abuse Victims' Rights Act of 1986, Pub. L. No. 99-500, § 703(a), 100 Stat. 1783, 1783-74 to -75 (1986) to -75 (1986). It was amended in 1998 to cover a wider array of predicate crimes. Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 605, 112 Stat. 2974, 2984 (1998). It was amended again in 2006 (at which time it became known as Masha's Law) to increase minimum statutory damages from $50,000 to $150,000 and make clear that an adult could bring suit based on a predicate crime that took place while she was a minor. Masha's Law, Pub. L. No. 109-248, § 707, 120 Stat. 587, 650 (2006). It was amended a final time in 2013 to again widen the array of predicate crimes and increase the statute of limitations from six years to ten years. Violence Against Women Reauthorization Act of 2013, Pub. L. No. 113-4, § 1212(a), 127 Stat. 54, 143 (2013).

ORDER - 2

24779, *14 (W.D. Wash. Feb. 25, 2014) (citing *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012).

Here, Plaintiff requests an award of the presumptive damages of $150,000.00. The Court agrees with Plaintiff that the report and affidavit of Dr. Green provide adequate evidence that she has in fact been damaged by defendant's actions in viewing her child sexual abuse. Accordingly, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Award of Statutory Damages (Dkt. #36) is GRANTED. Defendant Sheely is liable to Plaintiff under 18 U.S.C. § 2255 for her personal injury(ies) in the statutory amount of $150,000.00.

2. The amount of attorney's fees and costs will be determined at a hearing before the Court. Plaintiff's counsel shall make a good faith effort to meet and confer with *pro se* Defendant regarding a mutually-agreeable date and time for such hearing. Plaintiff's counsel shall then contact the Court's In-Court Deputies Laurie Cuaresma and Lowell Williams at 206-370-8521 with several proposed dates and times, which the Court will consider. At the hearing, Plaintiff's counsel shall be prepared to submit evidence supporting any request for attorney's fees and costs.

3. The Clerk shall send a copy of this Order to *pro se* Defendant via U.S. Mail to the address reflected on the Court's docket.

DATED this 12th day of May 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE